1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   MATTHEW JAMES DURY,                    CASE NO. 1:12-cv-01858-BAM PC

10                      Plaintiff,          ORDER TO SHOW CAUSE WHY THIS
                                            ACTION SHOULD NOT BE DISMISSED FOR
11         v.                               FAILURE TO EXHAUST ADMINISTRATIVE
                                            REMEDIES
12   LT. J. ZARAGOZA,

13                      Defendant.
     _____/

14

15        Plaintiff Matthew James Dury ("Plaintiff") is a federal prisoner proceeding pro se in this civil

16   action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S.

17   388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors.

18   This action was filed on November 13, 2012. (ECF No. 1.) Plaintiff is incarcerated at the United

19   States Penitentiary in Atwater, California.

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

22   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

24   monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

25        Plaintiff alleges that on October 26, 2012, Defendant Zaragoza retaliated against him for

26   filing a grievance against the Warden. (Compl. 4, ECF No. 1.) Plaintiff's complaint was signed on

27   October 28, 2012. (Id.) Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be

28   brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies  is required regardless of the relief sought by the prisoner.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court."  Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378,  2384 (2006)).

The Court takes judicial notice of the fact that the Bureau of Prisons has an administrative grievance system for prisoner complaints.  28 C.F.R. § 542.10.  An inmate is first required to present the issue informally to staff and staff is to attempt resolution before the inmate submits a Request for Administrative Remedy.  28 C.F.R. § 522.13(a).  "The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request . . . is 20 calendar days following the date on which the basis for the Request occurred."  28 C.F.R. § 542.14.

"[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 435 U.S. 516, 524 (2002)).  "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5).  If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending.  Lira, 427 F.3d at 1171.

Plaintiff's complaint was signed within two days and received by the Court for filing within eighteen days of the incident alleged.  Plaintiff states he did not receive the BP-8 form within the time limit to file an administrative grievance and no administrative remedy is available.  (ECF No. 1 at 3.)  However, it is clear from the time period in which Plaintiff filed his complaint that administrative remedies were still available.  While Plaintiff states that the BP-8 was not returned to him within the time limit to file, at the time that the complaint was received by the Court, the time

1  to file an administrative grievance had not passed.[1]

2      Because it is clear from the face of Plaintiff's complaint that he has not yet exhausted the

3  administrative grievance procedure, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v.

4  Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid

5  grounds for dismissal . . . ."); see also Davis v. Pineda, 347 Fed.Appx. 343 (9th Cir. 2009)

6  (unpublished).

7      Accordingly it is HEREBY ORDERED that Plaintiff show cause why this action should not

8  be dismissed for failure to exhaust administrative remedies within twenty (20) days of the date of

9  service of this order.  Failure to comply with this order will result in the action being dismissed,

10  without prejudice, for failure to comply with the order of the Court.

11      IT IS SO ORDERED.

12  Dated:  __November 15, 2012__        _____/s/ Barbara A. McAuliffe_____
                                             UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23  [1]Rule 11(b) of the Federal Rules of Civil Procedure provides that "[b]y presenting to the court a pleading,
    written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or
24  unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an
    inquiry reasonable under the circumstances:  (1) it is not being presented for any improper purpose, such as to harass,
25  cause unnecessary delay, or needlessly increase the cost of litigation;. . . [and] (3) the factual contentions have
    evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity
26  for further investigation or discovery. . . ."  Rule 11 imposes an objective standard of reasonableness, which applies
    to pro se litigants.  Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 892 F.2d 802, 811 (9th
27  Cir. 1989).  Plaintiff is advised that this Court takes seriously attempts to mislead the Court by making false
    statements in the pleadings and any further such conduct will result in the imposition of sanctions, including
28  dismissal of this action.